IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAMICO MUTUAL INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>CITIZENS BANK, NAVARRO, ELISCO & O'CONNEL, TERRANCE NAVARRO, AND LAURENCE ELISCO<br><br>Defendants,<br><br>CITIZENS BANK<br><br>Cross-Plaintiff,<br><br>v.<br><br>NAVARRO, ELISCO & O'CONNEL, TERRANCE NAVARRO, AND LAURENCE ELISCO<br><br>Cross-Defendants. | Civil Action No.: 05 C 7270<br><br>Suzanne B. Conlon, Judge |

## MEMORANDUM OPINION AND ORDER

CAMICO Mutual Insurance Company ("the insurer") filed a declaratory judgment action on December 29, 2005, seeking resolution of disputed terms of a professional liability policy. Defendants Navarro, Elisco & O'Connell, an accounting firm, and its partners Terrance Navarro and Laurence Elisco (collectively, "the accounting firm") were insured under the policy. Defendant Citizens Bank ("the bank") filed a cross-claim against the accounting firm for professional negligence implicating the insurance policy. The insurer moved for summary judgment on the insurance terms, arguing that its potential liability is limited to $2 million on the

facts of the cross-claim. The bank cross-moved for summary judgment, contending that the insurer is potentially liable for $4 million on the cross-claim. The accounting firm moved for summary judgment, arguing that the bank's cross-claim for professional negligence is time-barred. The insurer moved to dismiss or sever the bank's cross-claim.

## FACTS

The facts are undisputed. The accounting firm prepared 2000 and 2001 audited financial statements for KMS Energy International ("KMS"). At the time, the accounting firm was insured for professional negligence by the insurer. The policy limited the insurer's liability to $2,000,000 per claim and $4,000,000 in aggregate. KMS applied for a loan from the bank, submitting 2000 and 2001 audited financial statements prepared by the accounting firm. The bank agreed to extend the loan to KMS in May 2002. KMS defaulted on the loan.

On April 30, 2003, the bank informed the accounting firm that the bank believed the accounting firm was negligent in preparing KMS' financial statements. The accounting firm informed the insurer of the bank's potential professional negligence claim. The accounting firm and the bank entered into a tolling agreement effective May 1, 2003 through December 31, 2005. The three parties engaged in unsuccessful settlement negotiations, and the insurer filed for declaratory judgment on December 29, 2005. The bank filed a cross-claim for professional negligence on January 12, 2006.

## ANALYSIS

Each movant must satisfy the requirements of Rule 56 on cross-motions for summary judgment. *Clipco, Ltd. v. Ignite Design, LLC*, No. 04 C 5043, 2005 WL 1838436, at *3 (N.D. Ill. Aug. 1, 2005) (Conlon, J.). Summary judgment is appropriate when the moving papers and

affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once a moving party meets its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *Bay v. Cassens Transp. Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The accounting firm contends that the bank's professional negligence claim is time-barred. The parties agree that the applicable statute of limitations began to run on April 30, 2003, when the bank's lawyers contacted the accounting firm. The parties do not dispute that the applicable statute of limitations is two years under 735 ILCS 5/13-214.2. Absent an agreement otherwise, the statute of limitations ran on the bank's claim on April 30, 2005. The accounting firm and the bank entered into a tolling agreement effective May 1, 2003. Initially, the agreement could have been terminated by either party with 60 days notice. An amendment to the agreement provided that the agreement would terminate on December 31, 2005, if not terminated earlier. Paragraph 3 of the agreement states:

> The parties agree that all statute of limitations defenses and other defenses relating to the time that claims are asserted are tolled from the Effective Date through the date of termination of this Tolling Agreement. Nothing contained herein will be deemed to renew, revive, resurrect or reinstate any claim that, on the Effective Date, was already time barred.

The applicable principles of contract interpretation were set forth in *Lavelle v. Dominick's Finer Foods, Inc. of Illinois*:

> It is the duty of the court to interpret a contract in accordance with the intention of the parties. The court should give effect to the parties' intentions as determined by the language of the agreement. Further, contracts should be interpreted as a whole, giving meaning and effect to each provision. If the terms of a contract are ambiguous, or capable of more than one interpretation, parol evidence is admissible to ascertain the parties' intent. Language in a contract is not rendered ambiguous simply because the parties do not agree upon its meaning. Where the contractual provisions are unambiguous, the court will enforce them according to their plain meaning.

592 N.E.2d 287, 289 (1st Dist. 1992) (citations omitted).

The tolling agreement terms are unambiguous. The verb "toll" has more than one meaning: "[t]o annul or take away" or "to stop the running of." *Black's Law Dictionary* 1495 (7th ed. 1999). The agreement removed the accounting firm's right to assert specific defenses, including statue of limitations defenses, between May 1, 2003 and December 31, 2005. This is consistent with the bank's statement of intent in paragraph D of the recitals, "The [bank] do[es] not want any delay in commencing litigation to be presented as the basis for a defense, whether by way of statute of limitation, laches, estoppel, or other defenses." In order to effectuate that intent, the parties entered into the tolling agreement preventing the accounting firm from asserting a timeliness defense against the bank. As amended, the agreement prevented the accounting firm from asserting a timeliness defense until December 31, 2005. This gave the bank a full eight-month extension from the statutory expiration of the statute of limitations. However, the bank failed to file its complaint until after December 31, 2005. Accordingly, the accounting firm may assert a timeliness defense to the bank's claim. The bank argues that it is axiomatic that the statute of limitations stops running while a tolling agreement is in effect.

However, the plain language of the agreement is contrary to that argument. The bank fails to cite controlling authority requiring the court to contravene the contract's unambiguous terms. It is inappropriate to consider the extrinsic evidence offered by the parties because the agreement is unambiguous. The accounting firm's motion for summary judgment must be granted because the bank's professional negligence claim is untimely.

No case or controversy remains regarding interpretation of the insurance policy. The declaratory judgment action was filed to determine the insurance company's potential liability arising from the issues raised in the bank's cross-claim for professional negligence. Because the bank's claim is untimely, the insurance company does not face any liability. The complaint for declaratory judgment and the bank's and insurer's cross-motions for summary judgment on the declaratory judgment action are therefore moot. The insurer's motion to dismiss or sever the professional negligence claim is also moot.

## CONCLUSION

Defendants Navarro, Elisco & O'Connell, Terrance Navarro and Laurence Elisco's motion for summary judgment is granted because Citizens Bank's cross-claim for professional negligence is time-barred. CAMICO's declaratory judgment complaint and Citizens Bank's and CAMICO's summary judgment motions are moot. CAMICO's motion to dismiss or sever Citizens Bank's cross-claim for professional negligence is moot.

ENTER:

Suzanne B. Conlon  
United States District Judge

April 12, 2006